## EZRA HUMES *vs.* SAMUEL TABER, et al.

A magistrate authorized to issue warrants to search for stolen goods upon complaint made on oath or affirmation, that the complainant " *believes*" the stolen goods are " concealed in some house or place within the county where such complaint shall be made and in such complaint particularly described," issued a warrant upon a complaint stating that the complainant " has cause to suspect and does suspect" that the stolen goods are concealed in a place described as " the premises of Hiram Ide and Henry Ide ;" *held*, that the complaint was defective, because the words " has cause to suspect and does suspect," are not equivalent to the word " believes," and because the description of the place was not sufficiently particular, and that the defective description in the stating part of the complaint, could not be aided by a more precise description in the prayer for process.

An officer, charged with the execution of a search warrant, is only obliged to notice defects and irregularities upon its face, and if it be legal in form and issued from a magistrate having jurisdiction over the subject matter, he has sufficient authority for its service, although the complaint be defective.

A warrant to search the dwelling houses of a person only authorizes the sheriff to search the house in which such person lives, and if he searches a house hired and occupied by another, although owned by such person, he will be guilty of trespass.

The wife has no implied authority in the absence of her husband, to to license a search of his house for stolen goods.

MOTION for a new trial.   The facts in the case were as follows :—

, Some time in the latter part of 1847, Taber, having had his store broken open and his goods taken therefrom, went before a magistrate and made oath that " he had cause to suspect and did suspect" that the stolen goods were secreted and concealed on " the premises of Hiram Ide and Henry Ide," and prayed for process to search " the houses and buildings" of the Ides.   Upon this

complaint, the magistrate issued his precept, commanding the Sheriff to " search the dwelling houses of Hiram Ide and Henry Ide." The Sheriff, with the defendants, in execution of this precept, entered the dwelling house of the plaintiff, which was a tenement belonging to Hiram Ide, but occupied by the plaintiff under a lease. The outside door of the house was open and the defendants entered, without knocking, according to the testimony of some witnesses, according to others, after knocking and with the invitation of the inmates of the house. At this time the plaintiff was absent. It was in evidence, that the wife, on being informed of the business of the defendants, said, " search to your heart's content," or other expressions implying her permission. The search was conducted in a courteous manner as far as appeared in proof.

Evidence was also put in of admissions made by the wife after the search, that she gave license to the defendants to enter and search ; but was afterwards ruled out, the Court thinking her admissions not binding upon the husband.

The plaintiff brought an action of trespass *quare clausum fregit*, to which the defendant pleaded the authority of the search warrant and the license of the plaintiff's wife.

In their charge, the Court instructed the jury,

1st. That the complaint was illegal, because it stated that the complainant " suspected and had cause to suspect," and not that " he believed and had cause to believe," as required by the statute.

2nd. That the complaint was defective in not describing particularly the " house or place" in which the

goods were believed to be concealed, and that this de-fect was not cured by the more particular description in the prayer for process.

3d. That if the precept was legal in form, the officer was not answerable for defects in the complaint. This precept was legal upon its face ; but that the warrant to search " the dwelling house of Hiram Ide and Henry Ide," only authorized the defendants to search the house in which the Ides lived, and if they searched other houses, though owned by the Ides, they were guilty of trespass.

4th. The Court charged, *pro forma*, that the wife's consent that her husband's house should be searched, if given without regard to any pretence of legal authority, was binding upon her husband ; but if the defendants asked to enter under pretence of a search warrant, which they did not have, and consent was given, it was no de-fence.

The counsel for the defendants asked the Court to charge, that whether license to enter was granted or not, by the wife, was entirely a matter of fact for the jury ; contending that the charge deprived the jury of the right to decide whether the assent was freely given, unaffected by the statement of the defendants, or was given under claim of right ; but the Court refused to charge as re-quested.

The jury found a verdict for the plaintiff, and the de-fendants excepted to the charge of the Court and moved for a new trial.

POTTER, in favor of the exceptions, contended,

1st. That the warrant was sufficient, notwithstanding its departure from the language of the statute ; since the

language in the warrant was substantially the same as that in the statute.  A mere verbal defect of this kind, so long as the sense was unaffected, was not enough to avoid the warrant.

2.  The words "dwelling houses of Hiram Ide and Henry Ide," did not necessarily mean the houses in which they dwelt ; they likewise meant dwelling houses belonging to them.  Besides, in the complaint part of the warrant, the description is, "the premises of Hiram Ide and Henry Ide," and the two parts of the warrant are to be taken together in ascertaining the extent of the authority conferred upon the officer.

3d.  The Court charged that the " wife's consent in ordinary cases would justify the entry, but not if the entry was made under the pretence of a warrant."  As a matter of law, the wife is agent of the husband to give consent to the entry.  In the country, the wife always acts in this capacity.  The extent of her agency is a question for the jury.  When the Court ruled out the evidence of the wife's declarations, they ruled out the whole testimony, and left nothing for the consideration of the jury but the question of damages.

4th.  The mere fact that an officer enters by permission obtained under pretence of a warrant, which is afterwards found to be incorrect, does not make him a trespasser.  It should pass to the jury for them to determine whether the assent was voluntarily given, or in obedience to the pretended warrant.  For if the consent was given aside from submission to legal authority, it is a license, and if a license at the time it was given, it enures to the benefit of the officer forever after.  It is not a matter of contract,—it does not depend upon the meeting of two minds, but solely upon the consent of the

occupant, and whether that consent was given or not, is a question of fact for the jury.

CURREY, *contra.*—The first ground of exception may be passed over, inasmuch as the officer was said in the charge to be answerable only for defects in the precept, and consequently was not affected by the opinion of the Court upon the complaint. The argument upon the second point is erroneous in two particulars :

*First.* The word in the complaint part cannot be taken in connection with the words of the precept and the word " premises" transferred so as to enlarge the authority of the officer. The Court ruled that the officer was not responsible for error on the part of the magistrate in receiving the complaint and issuing the precept, and was justified in the execution of the precept if it was regular upon its face, and the matter within the jurisdiction of the Court. If this is the case, he cannot refer to the complaint to justify any irregularity in the execution of the precept.

But, *secondly,* if you allow the word " premises" to be transferred, the house leased to Humes was no part of the premises of Hiram Ide and Henry Ide, being severed from their control by the tenancy. It is merely a larger term than dwelling houses, but means in this case premises in the occupation of the Ides, as much as dwelling houses mean the houses in which they dwell.

The agency of the wife conferred no power upon her to grant license to search the house. (1 Greenl. 185.) The agency is not put by the counsel upon the marital relation, but is inferred from the fact that the house was left in her charge. Whether she has authority to give license to enter and search, is a question of fact, because

it does not come within the usual scope of her agency. This authority the plaintiff must prove. Whatever may have been her authority to admit persons into the house, however extensive her participation in her husband's business, you cannot imply an authority to suffer the execution of search warrants—a thing of extraordinary occurrence, and likely to expose matters which he might rightfully wish to be concealed, even from his wife herself. But the agency, if it existed, terminated with the emergency which called it into existence—she could not bind him by admissions subsequently made. (Story on Agency, 134, 135, 136, 137, 138.) (1 Greenl. 113.) The words must accompany the transaction in which she was agent, if they are to affect the principal.

POTTER, in reply. The authority cited from (1 Greenl. 185,) is as to the extent of the wife's agency, and says the question is one of fact to be found by the jury. This is what we contended for. The relation is simply one fact from which the agency may be inferred. In regard to her subsequent admissions, it was proved that they were made in the absence of the husband. If she was an agent to let the man in during his absence, she was an agent to bind him by her admissions upon the subject during his absence. The citations from Story only show that the declarations of an agent are not admissible, because he may himself be called to testify, and consequently they are not the best evidence. It is a question of evidence, rather than of agency.

The opinion of the Court was delivered by

GREENE, C. J.—The first question in this case arises upon the sufficiency of the complaint, upon which the search warrant issued.

The statute requires the complainant to make oath or affirmation "that he believes" the stolen goods "are concealed in some house or place in the county where such complaint shall be made, and in such complaint particularly described."

The power given to the justice under this statute is extraordinary, though necessary. It is a power to grant upon an *ex parte* statement, under oath, a warrant authorizing the sheriff and his deputies and assistants, to break the doors, to enter the private apartments, and search the closets, bureaus, &c., of a citizen for stolen goods, and to bring the persons in whose possession they may be found before the magistrates.

It is the duty of the Court to see that this power is exercised in the mode provided by the statute.

The language of the complaint is, that the complainant "has cause to suspect, and does suspect," &c.

We think this is insufficient. The statute does not authorize a warrant to issue upon the suspicion of the complainant.

Suspicion may be upon very slight grounds, and imports a less degree of certainty than belief.

Another difficulty in this complaint exists in the description given of the place to be searched. The statute requires that the "house or place" in which the stolen goods are believed to be concealed," shall be "particularly described," and that the magistrate shall command the sheriff diligently to search "the house or place therein described."

The description in the complaint is "the premises of Hiram Ide and Henry Ide." It does not name the county or town in which the premises lie, or whether they

are a dwelling house or store, or building of any kind. Now, although the complainant afterwards in his prayer for process, prays that process may issue to search " the houses and buildings" of Hiram Ide and Henry Ide, yet this description does not aid the defendant in the stating part of the complaint. It is to this part that the magistrate must look for authority in issuing his precept. We think the complaint is defective in these two particulars.

The duty of the magistrate is judicial, not ministerial. He is to judge whether upon the complaint made in conformity to the statute, a warrant ought to issue.

But if the warrant be legal in form, and issued from a magistrate having jurisdiction over the subject matter, the officer is not answerable for any defects in the complaint. He is only obliged to notice defects and irregularities upon the face of the warrant; if it is correct, so far he has sufficient authority for its service. He need not go behind it to look for illegalities not apparent upon its face.

The warrant commands the sheriff to search the dwelling houses of Hiram Ide and Henry Ide. Upon its face, we think it is legal.

The next question is, whose premises—whose dwelling houses are to be searched? What is meant by the dwelling houses of Henry Ide and Hiram Ide?

A majority of the Court think, that in the sense of this warrant, the dwelling house of a man is the house in which he dwells. He may own a dozen houses, and live in a hired house himself. A warrant to search the dwelling house of such a person, would confer an authority to search the house in which he dwelt, but not the houses which he owned and rented to other persons.

This is not only the reasonable and natural construc-

tion of the language of the warrant, but great inconvenience would follow if a different construction should prevail.

If the direction to search the premises of Henry Ide and Hiram Ide, means the premises owned by them—how is the officer to ascertain what premises they do own? Must he go to the record for that purpose? and then the deeds might not be recorded. Suppose they owned a dozen houses, are they all to be searched?

Again,—if on the search he finds the stolen goods in the house, he is required by the warrant to bring the person in whose possession he finds them before the magistrate.

The statute looks to the occupant of the house as the guilty party, and who ought, therefore, to be named in the warrant.

But upon the construction contended for by the defendant's counsel, the persons charged are not named in the warrant.

We think, therefore, that under this warrant the officer was authorized to search the dwelling house in which Hiram Ide and Henry Ide dwelt, but not the house which was occupied by the plaintiff.

The warrant, therefore, is no justification, and the charge of the Court in this particular, and also in relation to the insufficiency of the complaint, is correct.

The next ground of defence was, that the defendant entered and searched the dwelling house of the plaintiff by the license and permission of his wife.

.The charge of the Court upon this part of the case was pro-forma, and to the effect, that the law implied an authority in the wife in the absence of the husband, to license a search of his house for stolen goods.

Ezra Humes *vs.* Samuel Taber et al.

We are are satisfied the charge in this particular was incorrect. The law implies no such authority. Undoubtedly, the wife's authority extends to the rendering the ordinary civilities of life. If she invite a neighbor, friend, or even stranger, to enter the house in the way of hospitality, such invitation would, under ordinary circumstances, be a valid license so to do.

But to imply an authority to the extent contended for by the defendant in the present case, would be dangerous. An artful man might impose on the wife in the absence of the husband, and thus, for malicious and unlawful purposes, obtain from her a license to search the desks and private papers of her husband.

No case has been cited by the counsel for the defendant which gives any countenance to such a doctrine ; it is unsupported by principle, and would be mischievous in its consequences.

This view of the law renders it unnecessary to consider the other grounds on which the motion for a new trial is placed, as all the evidence in relation to the license and consent by the wife was improperly admitted.

Motion denied.